# WINTER SESSIONS,
## 1906.

———•———

FREDERICK G. DUSSOULAS, for the use of JOHN W. WESTCOTT, HERBERT H. WARD and FREDERICK G. DUSSOULAS, *vs.* JACOB THOMAS and TILLIE THOMAS.

*Assumpsit—Husband and Wife—Joint Defendants—Conflicting Testimony.*

Joint action against husband and wife for professional services. *Held* that plaintiff could not recover except upon a joint cause of action, binding both the husband and wife. If in making the agreement with the plaintiff the husband acted for himself and wife, and was authorized so to do, or if the wife subsequently by her words or conduct directly or indirectly adopted or ratified the agreement, it would bind her; but if she neither was a party to the alleged agreement, or subsequently ratified or adopted the same she would not be liable jointly with her husband.

(*January* 8, 1906.)

LORE, C. J., and SPRUANCE, J., sitting.

*John F. Neary* for plaintiff.

*T. Bayard Heisel* for defendants.

Superior Court, New Castle County, November Term, 1905.

ACTION OF ASSUMPSIT (No. 72, Nov. Term, 1904).

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff, Frederick G. Dussoulas, against the defendants, Jacob Thomas and Tillie Thomas his wife, to recover a balance of $416.67 alleged to be due for legal services rendered by the plaintiff, a member of the Pennsylvania Bar, and his associates Judge Wescott, of the New Jersey Bar, and Mr. Herbert H. Ward of the Bar of this State, in certain litigation in New Jersey and in this State in relation to the affairs of The Thomas and Davis Company, a corporation engaged in the manufacture of wall paper in the town of Newark in this county.

I

On behalf of the plaintiff, Mr. Dussoulas, it is alleged that he was authorized by his associates to make—and that he did make—on his and their behalf, in the months of June and July, 1901, an agreement with the defendant Jacob Thomas, acting for himself and wife, for the payment of one-third of $2000 to Mr. Dussoulas, for himself and his associates, for their services in said litigation in New Jersey and Delaware. And it is further contended by the plaintiff, that while said agreement was made with Jacob Thomas that he also represented his wife, who then held one of several judgments against said company, and that said agreement was in fact the joint agreement of both of the defendants Jacob Thomas and wife; and further that said agreement was subsequently ratified by Mrs. Thomas, who, after the making of said agreement and before the close of said litigation, had acquired certain other judgments against the said company.

On the other hand, the defendants deny that Mrs. Thomas was ever a party in any way to the said agreement or that she ever subsequently ratified or adopted the same; and they also deny that they or either of them agreed to pay the plaintiff one-third of $2000 for said services, but claim that said agreement was with Mr. Thomas alone, and that he only agreed to pay one-third of $1000, and that he has paid the whole of the same.

This action is not upon the special agreement claimed by the plaintiff to have been made as above stated, but upon the common counts,—that for work and labor being the only one applicable,—together with the following bill of particulars:

"Philadelphia, Dec. 30th, 1903.

Jacob Thomas and Tillie Thomas
      To Fred'k G. Dussoulas, Dr.

To balance due on account of fees of Judge Wescott,
      Hon. H. H. Ward and Fred'k G. Dussoluas for ser-
      vices rendered in the matters of Davis et al. *vs.*
      Thomas & Davis Co. et als...................... $466.67

Cr.

Dec. 31, 1902, By Cash......................... 50.00

Balance due................................... $416.67"

It is only upon this count, limited by this bill of particulars, that the plaintiff could in any event recover.

The plaintiff cannot recover except upon a joint cause of action,—binding both Mr. Thomas and his wife. If in making this agreement with the plaintiff Mr. Thomas acted for himself and his wife, and was authorized so to do, or if Mrs. Thomas subsequently by her words or conduct directly or indirectly adopted or ratified the said agreement, it would bind her; but if she neither was a party to the alleged agreement, or subsequently ratified or adopted the same, she would not be liable in this action jointly with her husband.

The testimony is conflicting, and you must reconcile it if you can, or give credit to that part of it which you deem most worthy of credit, and render your verdict in favor of that side on which there is the preponderance of evidence.

We decline to instruct you to find a verdict for the defendants, as prayed for by the defendants.

If the plaintiff is entitled to recover, it would be for such an amount as you believe from the evidence the services in question were worth (not exceeding $416.67) with interest from the time said services were concluded.

Verdict for defendants.